Jackson v BronxCare Health Sys. (2025 NY Slip Op 01869)

Jackson v BronxCare Health Sys.

2025 NY Slip Op 01869

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Kern, J.P., Friedman, Kapnick, Mendez, Higgitt, JJ. 

Index No. 812245/21|Appeal No. 3997|Case No. 2024-01909|

[*1]Tanya Jackson, Plaintiff-Respondent,
v
The BronxCare Health System, Defendant-Appellant.

Barker Patterson, Nichols, LLP, Garden City (Megan A. Lawless of counsel), for appellant.
Steven B. Sarshik, New York, for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered February 13, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
On March 20, 2021, plaintiff, who had a history of multiple sclerosis (MS) and tested positive for COVID-19 three weeks earlier, presented to defendant's facility with complaints of generalized weakness and inability to walk. After being admitted, plaintiff tested positive for COVID-19 and began treatment for it. At about 5:30 a.m. on March 27, 2021, plaintiff fell while she was walking to or in the bathroom. Thereafter, plaintiff commenced this negligence and medical malpractice action alleging that defendant failed to provide continuous observation of plaintiff, to respond to her call for assistance to walk to the bathroom, and to provide appropriate assistive devices, such as a walker or wheelchair, despite knowing of her MS and her inability to walk.
Defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint on the ground that it is entitled to immunity from liability under the Emergency or Disaster Treatment Protection Act. In support of its motion, made before any depositions were taken, defendant submitted plaintiff's certified medical record, its COVID-19 Protocol, an affirmation from the Chairman of the Department of Medicine, Douglas Reich, M.D., and an affidavit from the Director of Performance Improvement, Natalie Cruz, R.N.
Defendant demonstrated that it provided "health care services" within the meaning of the statute (Public Health Law § 3081[5], as amended by L 2020, ch 134 [eff Mar. 7, 2020 to Apr. 5, 2021]), since plaintiff's medical records show that she was diagnosed with and treated for COVID-19 during her admission, including when her accident occurred. Defendant, however, failed to conclusively establish that all of plaintiff's treatment was "impacted by [defendant's] decisions or activities in response to or as a result of the COVID-19 outbreak" (Holder v Jacob, 231 AD3d 78, 88 [1st Dept 2024], quoting former Public Health Law § 3082[1][b]). Defendant's evidence, including the affidavit and affirmation, did not demonstrate that the pandemic impacted defendant's ability to provide plaintiff with a walking device. Therefore, defendant did not conclusively establish immunity to that part of plaintiff's claim.
In addition, Dr. Reich and nurse Cruz asserted that the COVID-19 pandemic impacted its ability to supervise, monitor, and aid plaintiff, because defendant experienced short staffing and overcapacity limitations due to the pandemic. While those assertions, if proven, might support defendant's immunity claim as to plaintiff's claim of inadequate monitoring and assistance by staff, defendant's motion to dismiss, based largely on the affidavit and affirmation of its employees, "placed plaintiff in the position of having to accept [defendant's] word [*2]on potentially dispositive issues" before completion of discovery (Holder, 231 AD3d at 90 n 5). Since the issue of whether the immunity defense is applicable "requires a fact-intensive inquiry," it would be premature to resolve that issue at this juncture (id at 88). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025